UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GARRETT SMITH,

    Petitioner,

v.

STATE OF WASHINGTON,

    Respondent.

CASE NO. 3:23-cv-05142-TL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: April 14, 2023

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Petitioner John Garrett Smith is a state prisoner currently confined at the Cedar Creek Corrections Center in Littlerock, Washington. He has filed an application to proceed *in forma pauperis* ("IFP") and a proposed petition for writ of habeas corpus under 28 U.S.C. § 2254, styled as a "petition for enforcement of the FOIA." Dkts. 1, 4. The petition challenges petitioner's 2015 judgment and sentence of the Clark County Superior Court arising out of his

1 | conviction for attempted second degree murder. Petitioner has previously filed several other
2 | federal habeas petitions relating to the same judgment.
3 |      After review of the petition filed in this matter, and the prior petitions filed by petitioner,
4 | the Court concludes that the instant petition is a second or successive petition over which the
5 | Court lacks jurisdiction. Therefore the Court recommends dismissal of the petition. The Court
6 | also recommends dismissing petitioner's IFP application as moot.

**DISCUSSION**

8 |      Petitioner filed the instant federal habeas petition in February 2023. *See* Dkt. 1. The
9 | petition relates to the judgment and sentence entered under Clark County Superior Court Case
10 | Number 13-1-01035-6 on January 30, 2015. *Id*. at 9; *see Smith v. Thrasher*, C23-5013-MJP (Dkt.
11 | 2 at 19). Petitioner asserts in his petition that his conviction rests on an audio recording made by
12 | his cell phone's voice mail feature, evidence he claims was a "digitally-synthesized, computer-
13 | generated fake[.]" Dkt. 1 at 9. Petitioner seeks disclosure of the original sound recording in order
14 | to further challenge his conviction. *Id*. at 6–7.
15 |      On December 6, 2017, petitioner filed a federal habeas petition challenging the same
16 | 2015 Clark County Superior Court judgment and sentence. *See Smith v. Haynes*, C17-6019-BHS.
17 | The action was dismissed without prejudice because petitioner had failed to exhaust his state
18 | court remedies. *See id.*, Dkts. 93, 102. On December 12, 2017, petitioner filed a second federal
19 | habeas petition in the District of Oregon, which was transferred to this district on January 24,
20 | 2018. *See Smith v. Haynes*, C18-5061-BHS. That action was dismissed as duplicative of the first
21 | action, which was then still pending. *See id.*, Dkts. 46, 52.

1     In March 2018, petitioner filed a petition for a writ of mandamus requiring state officials to produce the cell phone. *See Smith v. State of Wash.*, C18-5192-RBL. That petition was dismissed for lack of jurisdiction and as frivolous. *See id.*, Dkts. 36, 38.

    In May 2019, petitioner filed a federal habeas petition on several grounds, including that the voice mail recording was fabricated. *See Smith v. Haynes*, C19-5394-RBL. That petition was denied on the merits and the action was dismissed with prejudice. *See id.*, Dkts. 42, 54. In July 2020, petitioner filed another federal habeas petition, raising the issue of fabrication of the voice mail recording again as well as one new ground. *See Smith v. Coleman, Haynes, and Jones*, C20-5319-RBL (Dkt. 9). The petition was dismissed as second or successive because it raised only claims that were or could have been adjudicated on the merits in the prior petition. *See id.*, Dkts. 10, 12. In November 2022, petitioner filed another federal habeas petition in the District of Oregon, which was transferred to this district on January 3, 2023. *See Smith v. Thrasher*, C23-5013-MJP. The petition raised the issue of fabrication of the voice mail recording again and was dismissed as second or successive because it raised a claim that was or could have been adjudicated on the merits in the prior petition. *See id.*, Dkts. 12, 13.

    The fact that petitioner had a previous federal habeas petition challenging the judgment at issue here dismissed with prejudice renders the instant petition a second or successive one for purposes of 28 U.S.C. § 2244(b). *See* 28 U.S.C. § 2244(a). The Court is without jurisdiction to consider a successive petition until the Ninth Circuit Court of Appeals has authorized its filing. 28 U.S.C. § 2244(b)(3)(A). Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the instant petition. Accordingly, this Court lacks jurisdiction over the petition.

REPORT AND RECOMMENDATION - 3

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to claim asserted in his petition for writ of habeas corpus.

## CONCLUSION

Based on the foregoing, the Court recommends petitioner's federal habeas petition (Dkt. 1) be dismissed for lack of jurisdiction and that a certificate of appealability be denied. The Court further recommends petitioner's IFP application (Dkt. 4) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on April 14, 2023, as noted in the caption.

Dated this 30th day of March, 2023.

J. Richard Creatura
United States Magistrate Judge